(No. 3671— )

Jacob Vahlkamp, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 12, 1943.*

Schrader & Huber, for claimant.

George F. Barrett, Attorney General; Robert V. Ostrom, Assistant Attorney General, for respondent.

Eckert, J.

On June 4, 1940, the claimant, Jacob Vahlkamp, was employed by the Department of Public Works and Buildings, Division of Highways, of the State of Illinois, as a laborer mowing weeds on State Bond Issue Route 13 about one and one-half miles east of New Athens, Illinois. While sharpen-

ing a hand scythe the scythe slipped and cut claimant's left forearm, causing a severe laceration across the entire width of the anterior aspect of the middle of the left forearm and severing muscles down through most of the flexor digitorum sublimis. He was given first aid treatment at New Athens and then taken to St. Elizabeth's Hospital at Belleville.

On June 7, 1940, claimant was sent to Chicago and placed under the care of Dr. H. B. Thomas, Professor of Orthopedics, University of Illinois Medical College, where he remained until July 24th. From time to time thereafter he returned to Chicago for further treatment, and on August 19th returned to work for the Division, continuing intermittently during the following months.

On April 15, 1941, Dr. Thomas examined claimant and advised an exploratory operation, stating that the chances of improvement to the arm from such an operation were about fifty per cent. The respondent at that time gave claimant the choice of closing the case or submitting to such operation. Claimant chose not to submit to the operation, and on April 17th, Dr. Thomas reported to the Division as follows:

"Area of scar is fairly pliable. Has good strength in the fingers. The central palm, second, and third fingers are still anesthetic. Nerve over-lap has not yet assumed function of the median sensory supply. The 2½ thumb muscles supplied by median are atrophic. He probably will always have the above mentioned atrophy. Other nerves in time will grow in and take over the nerve supply to the skin. So his actual loss will be the use of 2½ thumb muscles. This will not appreciably impair the function of the hand. Patient states that he has learned to keep from burning and hurting the hand and that its use is good."

The respondent has paid all claimant's medical and hospital services, his expenses while in Chicago, and his transportation costs, in the total amount of $600.35. The respondent has also paid claimant compensation in a total amount of $140.02 for the periods of June 5th to August 18th, 1940, September 28th to October 14th, 1940, January 26th to January 30th, 1941, and April 14th and 15th, 1941 all dates inclusive.

At the time of his injury, claimant was twenty-nine years of age, a resident of Belleville, St. Clair County, Illinois, unmarried, and with no dependents. No claim is made for temporary total disability, but claimant seeks compensation for permanent loss of the use of his left arm. During the year next preceding the injury, claimant was employed from time

to time by the respondent as a laborer at the rate of fifty cents an hour, and received wages in the total amount of $144.00. Employees of the Division of Highways, engaged in the same capacity, and at the same rate as claimant, are employed less than two hundred days a year, and eight hours constitute a normal working day. At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

Dr. J. H. Needles of Belleville, called as a witness on behalf of claimant, testified that he first examined the claimant on November 25th, 1941, for the purpose of testifying in this case. At the time of the examination by Dr. Needles, the respondent had no surgeon present. Objection was made by the respondent to the testimony of Dr. Needles on the ground that he had failed to deliver to the respondent, or its representative, a statement in writing of the condition and extent of the injury, not later than forty-eight hours before the case was set for hearing, as provided by Section 12 of the Workmen's Compensation Act. The testimony of Dr. Needles was also objected to on the ground that his examination was not for the purpose of treatment, but for the purpose of testifying on claimant's behalf; that Dr. Needles based his opinion partly upon his own observation and partly upon the statements made by claimant. This evidence was incompetent, and can not be considered by the court. *National Steel Castings Company* vs. *Industrial Commission,* 377 Ill. 169.

Dr. O. G. Schneidewind, who treated claimant immediately after the injury, was also called as a witness on his behalf. Dr. Schneidewind testified as to treatment which he gave to claimant prior to claimant's removal to Chicago and to the care of Dr. Thomas, but stated that he did not feel qualified to testify as to claimant's present disability. His testimony, therefore, is not helpful in determining claimant's present disability, so that on this question there remains before the court only the reports of Dr. Thomas as contained in the report of the Division of Highways.

It is the opinion of the court that claimant has suffered an almost complete loss of the sensory functions of the left hand, and a slight functional loss in the use of the thumb

muscles, resulting in a thirty-five per cent permanent partial loss of the use of his left arm. At the rate of fifty cents per hour, eight hours per day, compensation should be determined on the basis of two hundred days at four dollars per day, or an annual wage of $800.00. This in turn equals an average weekly wage of $15.38. Under the provisions of the Workmen's Compensation Act, claimant is therefore entitled to fifty per cent of his annual weekly wage for a period of seventy-eight and three-fourths weeks, or the sum of $605.59. The accident having occurred after July 1, 1939, the amount of compensation must be increased ten per cent, making a total sum of $666.15, from which should be deducted $17.96 over-payment to claimant for temporary total disability, leaving a balance of $648.19, all of which has accrued and is payable forthwith.

Award is therefore entered in favor of the claimant for said sum of $648.19.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.